**C. J. Miles, Appellant, v. Victor Nelson, Appellee.**

**Gen. No. 32,831.**

 Opinion filed November 19, 1928.

GANN, SECORD & STEAD, for appellant; LOY N. MC-INTOSH and JUNIUS C. SCOFIELD, of counsel.

DANIEL ANDERSON, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

In an action on contract, after excluding evidence offered by the plaintiff, at the close of plaintiff's case the court instructed the jury to return a verdict for defendant, overruled motions for a new trial and in arrest and entered judgment on the verdict against plaintiff.

The statement alleges that the plaintiff, Miles, on May 2, 1925, entered into a written contract with defendant, Nelson, for the exchange of certain real estate; that Nelson agreed to furnish plaintiff with a certificate issued by the registrar of titles or complete merchantable title guaranty policy made by the Chicago Title and Trust Company; that plaintiff relied on these promises, consummated the purchase and paid money as agreed and performed all other obligations of the contract, but that defendant refused to deliver the certificate of title or guaranty policy; that defendant tendered to plaintiff a guaranty policy in the amount of $4,500, but that the purchase price paid by plaintiff to the defendant for the real estate was $83,000 and the defendant was therefore obligated to deliver plaintiff a policy for that amount; that the reasonable value of a policy for $83,000, after allowing credit for the premium theretofore paid on the $4,500 policy was $328, which plaintiff alleged to be due.

The affidavit of merits admits the contract, conveyance and exchange, but denies defendant agreed to furnish a guaranty policy for $83,000 and denies that he is so indebted.

The evidence discloses a contract by which Nelson agreed to convey to Miles an apartment building in

Chicago subject to incumbrances and Miles agreed to convey to Nelson a dairy farm of 350 acres in Wisconsin, together with certain personal property thereon, to pay $10,000 in cash and give notes to the amount of $16,000 secured by a second mortgage.

The contract provided that "each party hereto is to furnish the other within a reasonable time from the date hereof, either a certificate of title issued by the Registrar of Titles of ............ complete merchantable abstract of title, or merchantable copy thereof, brought down to cover this date, or merchantable title guaranty policy made by Chicago Title & Trust Company showing good and sufficient title at date of this contract in the respective parties hereto to the property hereby agreed to be conveyed by them."

The transaction was completed at the office of the Chicago Title and Trust Company.

It is the contention of plaintiff that under the terms of this contract defendant was obligated to deliver to plaintiff a guaranty policy insuring the title transferred to plaintiff to the amount of the purchase price paid by him; that, as the contract was silent as to the amount of the insurance to be covered by the policy, oral evidence was admissible upon that point.

On the other hand, defendant contends that as the contract was in writing, complete, certain and unambiguous, oral evidence was not admissible to vary its terms.

Plaintiff upon his theory offered evidence tending to show the value of the Wisconsin farm which was transferred in the transaction. The court sustained an objection to this evidence. Plaintiff offered to show the usage and custom as to the amount for which a guaranty policy should be written in a transaction of this kind, and also offered evidence of oral conversations between the parties with reference thereto, all of which were excluded by the court apparently upon the theory that since the contract was in writing, oral

evidence was not admissible for any purpose. These rulings of the court are assigned as error.

The object of construing a contract is to find the intention of the parties. It is apparent upon reading this contract that it is impossible to determine from the writing alone what the intention of these parties was in so far as the amount of insurance to be named in the guaranty policy to be issued was concerned. The subject was not omitted. It is covered, but in an ambiguous and uncertain way. *Telluride Power Transmission Co. v. Crane Co.*, 208 Ill. 218, on which defendant relies, is not applicable.

While the form of some of the questions may have been objectionable, it is apparent that the court ruled upon the theory that oral evidence was inadmissible under the circumstances. In this we think the court erred. A review of the authorities is not necessary, but *Collins Ice-Cream Co. v. Stephens*, 189 Ill. 200; *Morris v. Jamieson*, 205 Ill. 87; *Stone v. Mulvaine*, 217 Ill. 40; *Steidtmann v. Joseph Lay Co.*, 234 Ill. 84, 88, and *El Reno Wholesale Grocery Co. v. Stocking*, 293 Ill. 494, are a few of the numerous cases that might be cited.

For the reasons indicated the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*

O'CONNOR, P. J., and McSURELY, J., concur.